IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:14-cr-00106-GBL-1 |
| ) | |
| LEIGH E. BODDEN, ) | |
| ) | |
| Appellant. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Appellant Leigh E. Bodden's Motion for Appeal of Magistrate Judge's Decision (Doc. 1). This case involves a traffic violation which subsequently lead to the Appellant being convicted of reckless driving, driving under the influence, refusal (to submit to a blood alcohol content test), and failure to carry a driver's license. The case was heard by Magistrate Judge John Anderson. Mr. Bodden now appeals the Magistrate Judge's findings and subsequent sentence. The issue before the Court is whether the Court should reverse the Magistrate Judge's decision on the charges of driving under the influence, refusal, and failure to carry a driver's license as well as the Magistrate Judge's sentencing on the charge of reckless driving, where Defendant argues that the evidence did not support the conviction and that the sentence was excessive. The Court **AFFIRMS** the judgment because taking the evidence in the light most favorable to the Government, a reasonable trier of fact could have concluded beyond a reasonable doubt that the Appellant was guilty. Additionally, because the Magistrate Judge's sentence was well within the statutory guidelines, based on the consideration of relevant factors, and there was no significant procedural error, Mr.

Bodden has not met the heavy burden required to overturn a sentence imposed by magistrate judge.

## I. BACKGROUND

A short recitation of the facts will suffice, as the parties are both familiar with the detailed circumstances surrounding the case. Appellant, Mr. Leigh E. Bodden, was stopped on August 24, 2013 at 4:24 AM by the Pentagon Police on Boundry Channel Drive. Officer John Harmer, the arresting officer, stopped Mr. Bodden after observing him trying to pass a vehicle, whereby he crossed the solid double yellow line on a portion of the highway where the lanes narrow from four lanes to two. Officer Harmer observed Mr. Bodden pass a vehicle by traveling into oncoming traffic. The oncoming traffic included Officer Harmer, who testified that he had to use evasive maneuvers in order to avoid a head-on collision with Mr. Bodden. Immediately after Mr. Bodden passed, Officer Harmer activated his emergency lights, turned his cruiser around and initiated a traffic stop.

Mr. Bodden was seemingly cooperative at the outset of the traffic stop. Although Mr. Bodden held a valid driver's license at the time of the incident, he did not have it in his possession. Instead, Mr. Bodden presented a copy of his passport to Officer Harmer. Officer Harmer testified that at this point he smelled alcohol on Mr. Bodden's breath and also noticed that his eyes were red, watery, and bloodshot.[1] Officer Harmer then asked Mr. Bodden if he had consumed any alcoholic beverages. Officer Harmer's testified that Mr. Bodden initially answered that he had not had any alcohol, but later responded that he had consumed "two or three." Officer Harmer then called for the assistance of an officer certified to conduct field sobriety tests (FST). Officers John Coffman and Demetrius Owens, both FST certified, arrived

---

[1] Officer Harmer did not include any notes about Mr. Bodden's appearance as to his red, bloodshot, watery eyes in his police report.

on the scene. Officer Coffman made similar observations as to the presence of the smell of alcohol on Mr. Bodden's breath as well as observing that Mr. Bodden's eyes were red, watery, and bloodshot.

Officer Coffman asked Mr. Bodden to get out of his car, to which Mr. Bodden did not immediately agree. Mr. Bodden later got out of his car and agreed to perform the standardized field sobriety tests. Officer Coffman administered the horizontal gaze nystagmus test (HGN), the walk and turn test, and the one leg stand test. Officer Coffman testified that Mr. Bodden's performance on the HGN and walk and turn tests was unsatisfactory. Officer Coffman testified that Mr. Bodden satisfactorily completed the first portion of the walk and turn test by taking nine heel to toe steps, but that Mr. Bodden failed to turn correctly and missed a heel to toe on the second step during the second portion of the test. Mr. Bodden, however, successfully completed the one leg stand test by standing on one leg and counting to thirty (30).[2] Officer Coffman testified that based on Mr. Bodden's performance on the HGN and walk and turn test that there was an eighty percent (80%) chance that Mr. Bodden's blood alcohol level was .10% or greater. Officers later offered Mr. Bodden the opportunity to blow into a portable breath alcohol testing device, he refused. Officer Coffman informed Officer Harman of the results of the FST. Officer Coffman arrested Mr. Bodden.

Upon arrest, Mr. Bodden became increasingly agitated and aggressive, and directed numerous expletives at the arresting officers. Officer Harmer testified that Mr. Bodden called him names, used profanity, and directed racial slurs at the officers. After transporting Mr. Bodden to the Court Liaison Office, Mr. Bodden was placed in a holding cell. While in the cell Mr. Bodden continued his aggressive behavior, repeatedly kicking the holding cell door. Mr. Bodden was then read an implied consent form, which explained that refusal to submit to a

---

[2] Mr. Bodden, in effort to prove his sobriety, actually counted to fifty (50) exceeding the instructions of 30.

3

breath alcohol test was grounds to be charged with "refusal." Officer Coffman testified that Mr. Bodden initially agreed to the Intoximeter breath alcohol testing, but during the required 20-minute observation period, Mr. Bodden later refused the test. There is no conclusive evidence that Mr. Bodden verbally refused the test, however, Officer Coffman testified that by his conduct Mr. Bodden refused.

Thereafter, Mr. Bodden was formally charged and given copies of the applicable citations. Typically upon the issuance of the citations, defendants are released to the Pentagon taxi stand; however, in this instance, Officers thought Mr. Bodden's behavior was so aggressive that they placed him back in the holding cell. Mr. Bodden eventually fell asleep in the cell. He was driven to the taxi stand later that morning around 6:00 AM and released from police custody.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment to a district judge. The Rule mandates that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Where the issue presented on appeal is purely a question of law, the district judge reviews the Magistrate Judge's decision *de novo*. *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). Credibility determinations are not susceptible to judicial review but rather are the sole province of the fact finder. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (citing *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc)).

When reviewing the sufficiency of the evidence following a conviction, the Court views the evidence and the inferences drawn therefrom in the light most favorable to the Government.

4

*Id.* The Court will sustain the verdict where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *United States v. Myers*, 280 F.3d 407, 415 (4th Cir. 2002)); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Similarly, an appeal of an otherwise final sentence imposed by a United States magistrate judge may also be taken to a judge of the district court, as though the appeal were to a court of appeals from a sentence imposed by a district court. Fed. R. Crim. P. 58(g)(2)(D); 18 U.S.C. § 3742(a)(4) (A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence-was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.) A district judge should affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error. *See Gall v. United States*, 552 U.S. 38 (2007) (describing the standard of review by a court of appeals of a sentence by a district judge); *United States v. Riley*, 991 F.2d 120, 126 (4th Cir. 1993), *cert. denied*, 114 S.Ct. 392 (1993). The clear error standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

The United States Sentencing Guidelines do not apply to Class B misdemeanors. U.S.S.G. § 1B1.9. Reckless driving is a violation of 32 C.F.R. § 234.17 which is punishable by imprisonment for up to six months. A violation of 32 C.F.R. § 234.17 is a federal Class B misdemeanor. 18 U.S.C. § 3559(a)(7). Thus, while an application of law in sentencing would normally be reviewed *de novo*, because the sentencing guidelines do not apply to this case, the Court reviews the decision to determine if the sentence was "plainly unreasonable." 18 U.S.C. § 3742(a)(4); *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000); *United States v.*

*Floresdelgado*, 131 F. App'x 28 (4th Cir. 2005). In determining whether a sentence is "plainly unreasonable," the Court must first determine whether the sentence is simply unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). The sentencing court must consider the applicable § 3553 factors and provide a statement of reasons. *Id.* at 657. "Only if this modified 'reasonableness' analysis leads [the court] to conclude that the sentence was unreasonable, do[es] [the reviewing court] ask whether it is 'plainly' so, 'relying on the definition of 'plain' [used] in [the] 'plain' error analysis'-that is, 'clear' or 'obvious.'" *Id.* Hence, the plainly unreasonable standard is extremely deferential.

### III. DISCUSSION

#### A. The Evidence was Sufficient to Support a Conviction on Each of the Appealed Charges.

The evidence presented during the trial before the Magistrate Judge was sufficient to sustain convictions of driving under the influence, refusal, and failure to carry a driver's license. Upon viewing the facts, inferences, and the Magistrate Judge's credibility determinations in the light most favorable to the government this Court finds that a rational trier of fact could have found the essential elements of each of these charges beyond a reasonable doubt. *Lomax*, 293 F.3d at 705 (citing *United States v. Myers*, 280 F.3d 407, 415 (4th Cir. 2002)); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

32 C.F.R. § 234.17 mandates that unless specifically addressed by the statute, traffic and the use of vehicles within the Pentagon Reservation is governed by state law. The statute specifically addresses operating a vehicle under the influence of alcohol or drugs within the Pentagon Reservation. 32 C.F.R. § 234.17. Particularly, the statute prohibits operating a vehicle when the "operator's blood or breath is 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath" or when an operator is under any

combination of drugs or alcohol that renders the operator "incapable of safe operation" of the vehicle. *Id.* The statute also prohibits an operator from refusing to submit to a blood alcohol test, noting that refusal may result in detention and citation. *Id.* Under Virginia state law it is illegal to drive reckless or fail to carry or exhibit a driver's license. *See* VA Code §§ 46.2-852 ("Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving"); 46.2-104(ii) ("The operator of any motor vehicle, trailer, or semitrailer being operated on the highways in the Commonwealth, shall have in his possession: (i) the registration card issued by the Department or the registration card issued by the state or country in which the motor vehicle, trailer, or semitrailer is registered, and (ii) his driver's license, learner's permit, or temporary driver's permit.").

On the charge of reckless driving, the Magistrate Judge found the testimony of Officer Harmer to be credible. Specifically, Judge Anderson found that Mr. Bodden was passing a moving vehicle when he crossed the solid double yellow line into oncoming traffic where Officer Harmer was proceeding legally, requiring Officer Harmer to use evasive measures to avoid a head on collision. Viewing the credibility determinations in the light most favorable to the government, a reasonable trier of fact could have found that Mr. Bodden operated his vehicle in a manner so as to endanger the life, limb, or property of person. Accordingly, this evidence was sufficient to support a conviction of reckless driving pursuant to VA Code §§ 46.2-852.

Judge Anderson also found Officers Harmer and Coffman credible regarding Mr. Bodden's statements as to Mr. Bodden's alcohol consumption and the officers' observation of the smell of alcohol. Further, the Judge Anderson found evidence that Mr. Bodden's eyes appeared red, glassy, and bloodshot, that he was unstable and unbalanced, and that Mr. Bodden

was loud, vocal, and his speech was slurred to be credible. Judge Anderson also concluded that Officer Coffman was qualified to perform the field sobriety tests and that Mr. Bodden failed both the horizontal gaze test and the walk and turn test. The Magistrate Judge also found credible Officer Coffman's testimony that failure of these two tests indicated an 80% probability that a person had a blood alcohol level above 0.10%. Given Officer Coffman's testimony and the lengthy testimony concerning Mr. Bodden's conduct and demeanor, the Magistrate Judge found Mr. Bodden guilty of driving under the influence. While this Court does not agree with Officer Coffman providing expert testimony about statistical evidence, viewing the credibility determinations in the light most favorable to the government, a reasonable trier of fact could have found that Mr. Bodden was under the influence of alcohol to a degree that rendered him incapable of the safe operation of a vehicle.

The law is clear that the operator of any motor vehicle, trailer, or semitrailer being operated on the highways in the Commonwealth, shall have in his possession: "(i) the registration card issued by the Department or the registration card issued by the state or country in which the motor vehicle, trailer, or semitrailer is registered, and (ii) his driver's license, learner's permit, or temporary driver's permit." Here, Mr. Bodden admitted that he did not have in his possession his driver's license. Accordingly, it was reasonable for the Magistrate Judge to conclude that Mr. Bodden failed to carry or exhibit a driver's license.

32 C.F.R. § 234.17 prohibits the operator of a vehicle from refusing to submit to a blood alcohol test. Further, the statute notes that refusal may result in detention and a citation and that proof of refusal may be admissible in any related judicial proceeding. Judge Anderson found Officer Coffman's testimony credible on issues related to Mr. Bodden's refusal. Specifically, Judge Anderson found that Officer Coffman read the implied consent form to Mr. Bodden on

two separate occasions. The testimony, according to Judge Anderson, also established that Mr. Bodden initially agreed to the test, but later, though maybe not verbally, refused to submit to the test. Accordingly, this evidence was sufficient to support a conviction of refusal to submit to a blood alcohol content test.

**B.      The Sentence Impose was not Plainly Unreasonable.**

The Magistrate Judge's sentence in this case was not plainly unreasonable. A district judge should affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error. *See Gall,* 552 U.S. at 50-52 (describing the standard of review by a court of appeals of a sentence by a district judge). As part of sentencing, Judge Anderson allowed Mr. Bodden to submit a position statement and several letters of support. At sentencing Mr. Bodden and his counsel were allowed to address the court. Mr. Bodden faced a possible period of six months of incarceration and a fine of $5,000.00 for the reckless driving charge. The Magistrate Judge sentenced Mr. Bodden to a period of one year of supervised probation with several special conditions, three days of incarceration, and a $350.00 fine. Further, Judge Anderson explained the reasoning for the sentence, in which he considered several factors including Mr. Bodden's unwillingness to accept responsibility, Mr. Bodden's untruthful testimony concerning the events in question, and Mr. Bodden's conduct toward the officers that morning. Accordingly, because the Magistrate Judge's sentence was well within the statutory limit, based on the consideration of relevant factors, and there was no significant procedural error, Mr. Bodden has failed to meet the heavy burden required to overturn a sentence imposed by a magistrate judge.

## IV. CONCLUSION

The Court AFFIRMS the Magistrate's Judge's findings and sentencing because taking the evidence in the light most favorable to the Government, a reasonable trier of fact could have concluded beyond a reasonable doubt that the Defendant was guilty of each of the appealed charges and that the sentence was not plainly unreasonable. Accordingly, it is hereby

**ORDERED** that Appellant Leigh E. Bodden's Motion for Appeal of Magistrate Judge's Decision is **DENIED** (Doc. 1).

**IT IS SO ORDERED.**

ENTERED this \_\_\_\_\_ day of November, 2014.

Alexandria, Virginia
11 / \_\_ / 2014

/s/
Gerald Bruce Lee
United States District Judge